NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

**JUL 1 8 2005**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-CV-53-JMH

FREDERIC J. COWDEN                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

U.S. DEPARTMENT OF LABOR, ET AL.                          DEFENDANTS


Currently before the Court for consideration are the following matters:

(1)     "Motion for Judgment on the Pleadings" filed by Defendants Education
        Management Corporation, Whitney M. Young Job Corp Center, and Valaida
        Randolph [Record No.8];

(2)     Plaintiff Frederic J. Cowden's "Response to Defendants Motion for Judgment
        on the Pleadings " [Record No. 10];

(3)     Plaintiff's "Motion to Deny Defendants' Motion for Judgment on the
        Pleadings" [Record No. 11];

(4)     Plaintiff's "Motion for Leave to File Amended Complaint" [Record No. 12];

(5)     "Reply in Support of Motion for Judgment on the Pleadings" filed by
        Defendants Education Management Corporation, Whitney M. Young Job
        Corp Center, and Valaida Randolph [Record No. 13];

(6)     "Memorandum in Opposition to Plaintiff's Motion For Leave to Amend
        Complaint" Filed by Defendants Education Management Corporation,
        Whitney M. Young Job Corp Center, and Valaida Randolph [Record No. 18];

(7)     "Motion to Dismiss" filed by Defendant the United States Department
        of Labor ("the DOL") [Record No. 21]; and

(8)     "Memorandum in Opposition to Plaintiff's Motion For Leave to Amend
        Complaint" filed by the DOL [Record No. 22].

## FACTUAL SUMMARY
### 1. The Complaint [Record No. 1]

On August 10, 2004, the *pro se* plaintiff, Frederic J. Cowden, filed a civil rights complaint against: (1) Education Management Corporation ("EMC"), New Jersey Corporation; (2) the Whitney M. Young Job Corp Center ("the Center"), located in Simpsonville, Kentucky; (3) Valaida Randolph ("Randolph), President and CEO of EMC; (4) the DOL; (5) Yvonne Triplett, employee of EMC; and (6) Willie Brown, employee of EMC. The Center is one of the work centers established through the Job Corps, which provides education, vocational training and work experience throughout the country for economically disadvantaged youths[1] and students who have not obtained their GED and who have no vocational training.[2] The plaintiff alleged that the EMC was an agent of the DOL because it has a contract with EMC to operate the Center, and because the DOL provides funds to operate the Center [Complaint, ¶4-5].

The plaintiff had been employed in different capacities at the Center since October 2000. At the time of his termination, he held the position of Career Counselor. The plaintiff alleged that the defendants unconstitutionally discharged him from his position at the Center on August 8, 2003. The plaintiff outlined a series of events which he alleges occurred on August 8, 2003, the day the Center terminated him. Summarized, he states that when he returned to the Center after his lunch break on August 8, 2003, the head of the Center's security and a Kentucky State Trooper informed him that the Center had received a threat against it. Plaintiff states that he informed security and the trooper

---

[1]

The Job Corps currently operates under the Workforce Investment Act of 1998 [29 U.S.C. §2801-2945], the successor to the Job Training Partnership Act [29 U.S.C. §1691 *et seq.*] [DOL Mot. To Dismiss, Record No. 21, p. 2].

[2] See "Answer" filed by EMC, the Center and Randolph [Record No. 5, ¶3].

2

that "the call was a hoax, because none of what was stated was true." [Complaint, ¶17] The plaintiff then states that he was wrongfully and unconstitutionally terminated from his employment for "allegedly leaving his office door unlocked when he went to lunch." [*Id.*, ¶20]

The plaintiff alleges that an ex-girlfriend made the threatening calls to the Center, but that the Center determined that it was more expedient to simply terminate him under false pretenses. He claims that he has sustained lost income and has been subjected to humiliation, embarrassment, and slander. He sought compensatory damages in the amount of $500,000.00; punitive damages; legal expenses and attorney fees; and any other relief to which he appears entitled.

In his complaint, the plaintiff did not identify the jurisdictional basis of his claim, *i.e.*, any statute on which he was relying. The plaintiff stated only generally that "jurisdiction of the Court is invoked pursuant to diversity of citizenship, pendent jurisdiction, and the fact that federal questions are raised." [Complaint, ¶9, Record No. 1][3] The plaintiff alleged that he had a vested property right in his job at the Center, and that his termination violated his rights under the Fourteenth Amendment of the United States Constitution.

The record reflects that Defendants EMC, the Center, Randolph, and the DOL have all filed responsive motions under Fed.R.Civ.P. 12. The record reflects that although the Clerk of the Court issued summonses for Defendants Yvonne Triplett and Willie Brown [Record No. 4], the plaintiff has not filed in the record, or caused to be filed, any proof of service of summons on these individuals. Neither Triplett nor Brown has filed a response to the complaint.

---

3

The federal statute which establishes diversity jurisdiction is 28 U.S.C. §1332. In order to invoke diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. §1332(a)(1).

3

2. Pleadings Relative to Defendants EMC, the Center, and Randolph

A. "Motion for Judgment on the Pleadings"
Filed by EMC, the Center, and Randolph [Record No.8]

On December 27, 2004, Defendants EMC, the Center, and Randolph filed a joint "Motion for Judgment on the Pleadings." In their joint motion, the defendants state that: (1) the DOL provides funding to the EMC to operate the Center; (2) Randolph is the owner of EMC; (3) Willie Brown, the Director of Counseling, was directly responsible to Randolph; and (4)Yvonne Triplett, the Counseling Supervisor, reported to Brown.

Defendants EMC, the Center, and Randolph acknowledge in their motion that on August 8, 2003, Brown, Triplett, and Laurie Massey, the Human Resources Manager of the Center, conducted a meeting which resulted in the plaintiff's termination. The defendants set forth three defenses to the plaintiff's complaint.

First, the defendants contend that the plaintiff failed to assert his claim in a timely manner. Citing *Monroe v. Lewis*, 165 F.3d 25 (6th Cir. 1998), and *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 182 (6th Cir. 1990), the defendants argue that because: (1) the complained-of action occurred on August 8, *2003*, and (2) the complaint was not filed until October 22, *2004*, it ran afoul of Kentucky's one-year statute of limitations applicable to §1983 civil rights actions.

Second, the defendants dispute the jurisdictional grounds on which the plaintiff based his complaint, to wit, "diversity and federal question." In this regard, the defendants offer two theories. As for the claim of diversity jurisdiction, the defendants maintain that to the extent the plaintiff and the Center both have Kentucky citizenship, there is incomplete diversity of citizenship and this Court does not have subject matter jurisdiction, citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895

4

F.2d 266, 269 (6th Cir, 1990).[4]

Regarding the plaintiff's broad assertion that a federal question exists, the defendants argue

that complaint does not satisfy the necessary factors of the statute granting district courts jurisdiction

over claims involving federal questions, 28 U.S.C. §1331.[5] Specifically, they argue that to establish

a claim under 42 U.S.C. §1983, a plaintiff must allege that the defendants acted under color of state

law when violating his constitutional rights, which the instant plaintiff completely failed to allege.

> B.  Plaintiff's Response to Defendants "Motion for
> Judgment on the Pleadings " [Record No. 10] and
> Plaintiff's "Motion to Deny Defendants Motion for  Judgment
> on the Pleadings " [Record No. 11]

In his response to the joint "Motion for Judgment on the Pleadings," the plaintiff first argued

that has was denied due process of law in violation of the Fourteenth Amendment. Specifically, he

maintained that he had a protected liberty interest in his employment with the Center, of which he

was unconstitutionally deprived when he was terminated. Second, he generally denied that a claim

under 42 U.S.C. §1983 requires a defendant to act under color of state law. Third, it appears that the

plaintiff asserted for the first time, in his response, a new Fourteenth Amendment claim: that he was

deprived of equal protection under the law.[6]

---

4

The defendants did not address the citizenship of defendants Yvonne Triplett and Willie Brown.

[5] 28 U.S.C. §1331 reads as follows:

**Federal question**

The district courts shall have original jurisdiction of all civil actions arising under the
Constitution, laws, or treaties of the United States.

6

 Although the plaintiff neither artfully nor clearly presented an equal protection argument, the Court construed
one, based upon the plaintiff's statement: "Due process or equal protection is violated if the deprivation of  liberty rest
{sic} on grounds wholly irrelevant to a reasonable state objective. *Earthgrains v. Cranz*, 999 S.W. 2d 218." [Pla.

Fourth, he argued that he filed his complaint on August 7, 2004, within the one- year statute of limitations. He states that by placing of his complaint in the United States mail on August 7, 2004, he accomplished a timely "filing." He also points to the fact that on September 23, 2004, the Court entered an Order in this proceeding in which it referred to the complaint having been filed on August 7, 2004 [Record No. 3]. The plaintiff argues that the Court's order precludes any statute of limitations argument from the defendants. Finally, he contends that pursuant to an unidentified Kentucky statute "relative to matters filed pursuant to a liability created by statute," he actually had the benefit of a five-year statute of limitations in which to file suit [Resp., Record No. 10, p. 2].

Fifth, and finally, the plaintiff responded that because he is a Kentucky resident and Defendants EMC and Randolph are residents of New Jersey, he properly established diversity of citizenship. The plaintiff offered no legal authority for this proposition and did not address the defendants' argument that because the plaintiff is a Kentucky resident, the Center's Kentucky citizenship results in incomplete diversity of jurisdiction.

The plaintiff's "Motion to Deny Defendants' Motion for Judgment on the Pleadings" [Record No. 11] is a brief, separate motion in which he asks the Court to deny the defendants' motion. He incorporates by reference the arguments set forth in his Response [Record No. 10]. The plaintiff's "Motion for Leave to File Amended Complaint" [Record No. 12] is simply a brief motion asking the Court for permission to file an amended complaint. The plaintiff did not specify a reason.

> C. "Reply in Support of Motion for Judgment on the Pleadings"
>    filed by EMC, the Center, and Randolph [Record No. 13];
>    and
> "Memorandum in Opposition to Plaintiff's Motion For Leave to Amend
>    Complaint" Filed by EMC, the Center, and Randolph [Record No. 18];

---

Resp., Record No. 10, p. 2].

In the reply to the plaintiff's response to their "Motion for Judgment on the Pleadings," defendants EMC, the Center, and Randolph acknowledged that they had erroneously stated that the plaintiff filed his complaint on October 22, 2004, and further acknowledged that he filed it on August 10, 2004. They maintained, however, that even a filing date of August 10, 2004, would exceed by two days Kentucky's one-year statute of limitations for civil rights actions. First, they noted that the plaintiff asserted only the broad, conclusory proposition that he could proceed under an unidentified five-year statute of limitations, and that he had failed to produce any authority to contradict their cited case law holding that a one-year statute of limitations applies to this case. Second, they note that because the Clerk of the Court clearly docketed this complaint as having been filed on August **10**, 2004, not August **7**, 2004, the complaint is time-barred.

Next, they reply that the plaintiff completely failed to counter their argument that the Center's Kentucky citizenship destroyed the elements of diversity jurisdiction set forth in 28 U.S.C. §1332(a). They reiterated that even though the plaintiff alleged the existence of a Fourteenth Amendment due process claim in his response, such a claim would be time-barred.

### 3. Pleadings Relative to DOL

#### A "Motion to Dismiss" Filed by the DOL [Record No. 21]:
#### (i) DOL's Factual Summary

In support of its "Motion to Dismiss, or in the Alternative, a Motion for Summary Judgment," the DOL attached the Declaration of Lynn A. Intrepidi, Regional Director for the Region 2 Office of Job Corps [Mot., Record No. 21, Exh. 1 (Intrepidi Decl.)]. Intrepidi explained that although the DOL administers and provides 100% funding for the Job Corps, the DOL contracts out to independent contractors the day-to-day management and operations of many Job Corps centers

7

[*Id.*, ¶2]. She states that the Center named as a defendant in this proceeding is operated by EMC, an independent contractor [*Id.*, ¶5]. She states that these employees of the independent contractors are not employees of the federal government [*Id.*, ¶2].

Intrepidi states that the DOL does not control any of the day-to-day operations of the Center, such as recruitment; hiring; retention of qualified staff to execute program components; or responsibility for personnel policies regarding the supervision, evaluation, conduct, and discipline of the EMC staff [*Id.*, ¶7].[7] She states that the Job Corps Policy and Requirements Handbook ("the PRH") is furnished to each independent contractor to provide guidance and goals in running the centers, but that the daily operations are left to each contractor [*Id.*, ¶2 and Attachment B(PRH Chapters 8.1-8.3)]. According to Inrepidi, the only guidance which the DOL gave to EMC was the PRH, which requires that the EMC hire "qualified personnel"; that the staffing to student ratios meet certain requirements; and that the work environment be fair and non-discriminatory [*Id.*, ¶9 and Attachment B, Chapter 8-5].

Plaintiff was initially hired as a Counselor for the Center and subsequently became a counseling Supervisor. On January 1, 2002, however, he was reassigned to a counseling position, which he held when he was terminated on August 8, 2003 [*Id.*, ¶10]. Intrepidi states that EMC terminated the plaintiff's employment due to his failure to "follow policies and procedures." [*Id.*]

---

7

Intrepidi attached to her Declaration the DOL's August 7, 2000 Award/Contract with EMC. Defendant Randolph signed the contract in her capacity as President/CEO of EMC, and Intrepidi signed it in her capacity as the DOL's Contracting Officer. Pursuant to the DOL's Award/Contract with EMC, EMC was obligated to provide the following:

Professional Services and materials required to operate the Whitney Young Job Corps Center in accordance with the Workforce Investment Act of July 2000.

[*Id.*, Intrepidi Decl. Attachment "A"]

8

Attached to Intrepidi's Declaration is a supporting Memorandum which Defendant Yvonne Triplett prepared on August 8, 2003, in connection with the plaintiff's termination [*Id.*, Attachment "C"]. In her Memorandum, Triplett informed the plaintiff that because he had left his office unlocked that day when he left for lunch, and because students had been seen leaving his office, she had been required to lock his office. Triplett further stated that the plaintiff had, by unauthorized means, obtained a key to regain access to his office, and that EMC and the Center terminated the plaintiff effective August 8, 2003, citing his failure to follow two policies: "Key and Lock Control" and "Right of Privacy for Students."[8] Defendants Triplett and Brown, and Laurie Massey, the Human Resources Manager, signed the Memorandum. The plaintiff refused to sign the Memorandum.

### (ii) DOL's Legal Arguments
#### 1. Statute of Limitations

Citing several cases, the DOL argues that Kentucky's statute of limitations for personal injuries, KRS §13.140(1)(a), applies to claims under both the federal Constitution and 42 U.S.C. §1983. The DOL contends that any claims which the plaintiff might have had are barred because he did not file his complaint herein until August 10, 2004, more than one year after the complained-of actions. Additionally, the DOL counters the plaintiff's argument--that August 7, 2004, the date he placed his complaint in the United States mail, constitutes the date of filing-- by stating that the date of receipt by the Clerk's office controls for purposes of the statute of limitations, pursuant to Fed.R.Civ.P. 3 and 5(e) and several cases, including but not limited to *Higgenbottom v. McManus*,

---

[8]

Triplett commented in the Memorandum that the plaintiff had just returned from a five-day suspension for failure to follow policies and procedures.

840 F. Supp. 454, 455 (W.D. Ky. 1994).

## 2. Sovereign Immunity

The DOL states that the United States, as sovereign, is immune from suit except as it consents to be sued, and that it may define the terms and conditions on which it may be sued, citing *Honda v. Clark*, 386 U.S. 484, 501 (1967), and *United States v. Sherwood*, 312 U.S. 584, 586 (1941). It further notes that under *United States v. Mitchell*, 463 U.S. 206, 212 (1983), federal courts have no jurisdiction to consider actions for monetary damages brought against the United States unless there has been a waiver of sovereign immunity. Citing numerous cases, the DOL contends that because the United States has not waived its sovereign immunity to monetary damages for constitutional violations, the plaintiff is precluded from obtaining a recovery from the DOL.

To the extent that the plaintiff asserted construed claim (at best) under §1983, the DOL cited a number of cases which hold that the Federal Government is not subject to suit under §1983, because the Fourteenth Amendment applies only to *state* actors, not to federal agencies or employees. The DOL further countered that a Federal agency is not a "person"subject to suit under §1983, citing *Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3rd Cir. 1998).

The DOL argues that the plaintiff could not defeat sovereign immunity under other federal statutes which do waive sovereign immunity, such as the Federal Tort Claims Act ("the FTCA"), 28 U.S.C. §§1346(b), 2671 *et seq.*, or the Tucker Act, 28 U.S.C. §1346 & §1491. The DOL states that under *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994), the FTCA does not contain a waiver of sovereign immunity for constitutional violations. The DOL contends that the Tucker Act provides no assistance because: (1) the plaintiff's monetary claim exceeds the jurisdictional limits of the Tucker Act; (2) the plaintiff had no contractual agreement with the United States; and (3) the plaintiff did

10

not allege a constitutional provision which mandates payment of money by the government. Finally, citing *Leistiko v. Stone*, 134 F.3d 817, 820 (6th Cir. 1988), the United States argues that 28 U.S.C. §1331, which grants district courts original jurisdiction over civil actions under the Constitution, laws or treaties of the United States, does not operate as a waiver of sovereign immunity.

### 3. No Claim Under the FTCA

The DOL disputes that the plaintiff has any possible claim under the FTCA. The FTCA grants a limited waiver of sovereign immunity and allows tort claims against the United States in the same manner and to the same extent as a private individual under like circumstances," citing *Chomic v. United States*, 377 F.3d 607, 609 (6th Cir. 2004), and 28 U.S.C. §1346, 2671 *et seq.*

First, the DOL contends that the FTCA is a narrowly construed limited waiver of sovereign immunity, and that the plaintiff's failure to assert any claim under the FTCA is a fatal defect. Second, the DOL asserts that even if an FTCA claim could be broadly construed, the plaintiff's failure to first file an Administrative Claim with the DOL, on a Standard Form 95 or by other written notice of an incident as is required by 28 U.S.C. § 2675(a), would deprive the Court of subject matter jurisdiction and render the claim subject to dismissal. In support of this defense, the DOL attached the Declaration of Catherine P. Carter, Counsel for Claims and Compensation for Employee Benefits, Office of the Solicitor, of the DOL [Mot. Record No. 21, Exhibit 2]. Carter states that the DOL has no record of having received any type of written claim from the plaintiff seeking money damages stemming from EMC's termination of him on August 8, 2003.

Third, and finally, the DOL argues, under 28 U.S.C. §2671, the acts or omissions of independent contractors and/or contractors' employees are explicitly excluded from the FTCA's

11

waiver of sovereign immunity.[9] The DOL argues that the plaintiff alleged neither that he was an employee of the DOL, nor any facts which would establish an agency relationship between the DOL and EMC. The DOL contends that the plaintiff's claims are based solely upon alleged improper conduct and wrongful termination at the hands of his *EMC* supervisors.

The DOL further maintains that funding alone does not constitute an agency relationship between it and EMC. The DOL cites *United States v. Orleans*, 425 U.S. 807 (1976), for the proposition that the federal government's control over the detailed physical performance of a contractor and daily supervision of its daily activities establishes the existence of "agency," not the fact that the government funds a program. Relying on Lynn Intrepidi's Declaration, the DOL contends that it had no day-to-day supervision over the Center's operations. According to Intrepidi, the DOL contracted the recruitment, hiring, and retention of qualified staff for the Center to EMC. Accordingly, the DOL contends that because EMC is a merely an independent contractor, the DOL has no liability to the plaintiff under the FTCA. Finally, the DOL submits that the plaintiff failed to name the United States as the proper defendant in an FTCA proceeding.

<u>"Memorandum in Opposition to Plaintiff's Motion For<br>Leave to Amend Complaint" Filed by the DOL [Record No. 22]</u>

In arguing that the plaintiff should not be granted permission to amend his complaint, the DOL essentially reasserts the legal theories set forth in its Motion to Dismiss.

---

[9] 28 U.S.C. §2671 provides in pertinent part:

As used in this chapter and sections 1346(b) and 2401(b) of this title, the term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

12

## DISCUSSION
### Standard of Review

Fed.R.Civ.P. 12(b) provides for the dismissal of claims and parties for seven listed reasons. A motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir.2001). In addition to the allegations in the complaint, the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice. *Id.* at 360-61; *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir.2003), *cert. denied*, 540 U.S. 1183, 124 S.Ct. 1424, 158 L. Ed.2d 87 (2004).

Well-pled allegations must be taken as true and must be construed most favorably toward the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only if there is no law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The Court finds that all of the plaintiff's claims are insufficient to state a claim on which relief can be granted and that his complaint should be dismissed with prejudice. The Court will address the various grounds upon which it concludes that the arguments raised by Defendants EMC, the Center, Randolph, and the DOL are valid and justify a dismissal on the merits.

### 1. Complaint Barred by Statute of Limitations

First, the Court agrees with the defendants that the complaint is barred by the statute of

13

limitations. The complained-of actions occurred on August 8, 2003. The complaint was not filed until August 10, 2004. The plaintiff's argument that he placed his complaint in the United States mail on August 7, 2004, does not assist him, because the determinative factor is the date that the complaint is *filed with the court*, not the date it was placed in the mail to be filed.[10]

"Filing with the court" is defined as filing with the clerk of the court, or, if the judge permits, with the judge. Fed.R.Civ.P. 5(e). If mailed, the filing is accomplished only when actually received by the clerk or when placed in the clerk's post office box. *Lee v. Dallas County Board of Education*, 578 F.2d 1177, 1178, 1179 (5th Cir.1978). Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline. *Ibid.*; *Wiss v. Weinberger*, 415 F.Supp. 293, 294 (6th Cir. 1986) (E. D. Pa.1976); *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (motion was not timely filed, even if extensions of time to file motion to amend or make additional findings were properly granted, where last extension of time to file was to November 30, and district court did not receive motion, which was mailed on November 30, until December 5).

"A party whose complaint reaches the Clerk after the statute of limitations has expired ordinarily cannot maintain a lawsuit, even if the complaint was placed in the mail during the

---

10

Although he did not clearly state, it appears that the plaintiff is asserting the "prisoner mail box rule" in support of his argument that his complaint is not time-barred. The Supreme Court has demonstrated a willingness to extend a special "mailbox rule" to persons who are incarcerated and are filing their legal documents *pro se*. *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed.2d 245 (1988). The Fourth Circuit described the Houston exception as "a rule of equal treatment", one that "seeks to ensure that imprisoned litigants are not disadvantaged by delays which other litigants might readily overcome." *See Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 735-36 (4th Cir.1991). "The Supreme Court's decision in *Houston* proceeded from the fundamental observation that whereas the general rule has been justified on the ground that a civil litigant who *chooses* to mail a notice of appeal assumes the risk of untimely delivery and filing, a *pro se* prisoner has no choice but to hand his notice over to prison authorities for forwarding to the court clerk." *Higgenbottom v. McManus*, 840 F.Supp. at 455-56 (citing *Houston*, 487 U.S. at 275, 108 S.Ct. at 2384 (emphasis in original, citation omitted). The *Houston v. Lack* "mailbox rule" does not apply to the instant plaintiff, because he is a non-prisoner.

14

limitations period. See Fed.R.Civ.P. 3 and 5(e)." *Higgenbottom v. McManus*, 840 F.Supp. at 455.

Notwithstanding the fact that the instant plaintiff may have mailed his complaint on August 7, 2004, the complaint did not reach the Clerk's office for filing until August 10, 2004, after the expiration of the one-year statute of limitations. Hence, it is time-barred. "A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations. When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir.1995); *see also McGore [v. Wrigglesworth]*, 114 F.3d at 609." *Paige v. Pandya*, 238 F.3d 423, 2000 WL 1828653, \*\*1 (6th Cir. (Mich.)) (Unpublished opinion).

Next, the Court rejects the plaintiff's contention under KRS 413.120 (2) that he had five years in which to file his civil rights complaint.[11] The law is clear that Kentucky's one-year statute of limitations found in KRS §413.140(1)(a) applies to civil rights claims arising in Kentucky. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir.1990). Therefore, KRS 413.120 (2) does not apply. The instant complaint is time-barred and must be dismissed with prejudice.

### 2. Incomplete Diversity

The defendants correctly note that the Court lacks subject matter jurisdiction over the plaintiff's claims, because there is no diversity of jurisdiction between the plaintiff and the Center.

---

[11] KRS 413.120 provides in part as follows:

**Actions to be brought within five years:**

The following actions shall be commenced within five (5) years after the cause of action accrued:

. . . .

(2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability.

Diversity jurisdiction in the district court requires complete diversity, *i.e.*, none of the defendants can be citizens of the same state as any of the plaintiffs. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267-78, 2 L. Ed. 435 (1806); 28 U.S.C. §1332(a); *Maiden v. North American Stainless, L.P.*, 125 Fed.Appx. 1, *3 (6th Cir. (Ky.) December 15, 2004) (Not selected for publication in the Federal Reporter). Diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L. Ed.2d 437 (1996). "[D]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir.1989); *accord Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L. Ed. 435 (1806).

Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir.1986). The plaintiff has failed to carry his burden on the issue of whether there is subject matter jurisdiction based upon diversity. The plaintiff states that he is a resident of Kentucky. On the summonses executed by the Clerk, he listed the address of the Center as being 8460 Shelbyville Road, Simpsonville Kentucky, 40067 [Record No. 4]. He listed Yvonne Triplett as having the same address as the Center [*Id.*].[12] Based upon the fact that the plaintiff is not diverse from the Center, Defendant Yvonne Triplett, and possibly Defendant Brown, he has failed to demonstrate the existence of subject matter jurisdiction based upon diversity of citizenship.

---

[12]

While the plaintiff did not list any address for defendant Willie Brown, it is logical to assume that Brown, as an employee of the Center which was located in Simpsonville, Kentucky, is a Kentucky resident.

### 3. 42 U.S.C. §1983 Claims
### A. No State Action

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

To prevail on a §1983 claim, a plaintiff must establish that the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution or laws of the United States. *See Enertech Elec., Inc. v. Mahoning County Commissioners*, 85 F.3d 257, 259-60 (6th Cir. 1996). A plaintiff has the burden of proving that a defendant's action was "caused, controlled or directed by the state or its agencies." *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 180 F.3d 758, 764 (6th Cir. 1999) (quoting *Burrows v. Ohio High School Athletic Ass'n*, 891 F.2d 122, 125 (6th Cir. 1989)).

In *United States v. Lanier*, 33 F.3d 639 (6th Cir. 1994), vacated and docketed for appeal 43 F.3d 1033 (1995), the Court wrote:

> An act is under color of law when it constitutes a "'[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *United States v. Tarpley*, 945 F.2d 806, 809 (5th Cir. 1991) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)), *cert. denied*, 112 S.Ct. 1960 (1992). "[U]nder 'color' of law [also] means under 'pretense' of law." *Id.* (quoting *Screws*, 325 U.S. at 111). "Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it," but, "acts of officers in the ambit of their personal pursuits are plainly excluded." *Screws*, 325 U.S. at 111. "[I]ndividuals pursuing private aims and not acting by virtue of state authority are not acting under color of law purely because they are state officers." *Tarpley*, 945 F.2d at 809.

17

*Id.* at 653. The plaintiff has not alleged that any of the named defendants acted under color of state law or that their actions were in any way attributable to the state. The plaintiff has alleged no facts which would satisfy any of the three tests articulated by the Supreme Court to determine whether a defendant's conduct can be attributed to the state. *See West v. Atkins*, 487 U.S. 42, 450 (1988) (public function test); *Adickes v. S. H. Kresse's Co.*, 398 U.S. 144, 170 (1970) (the state compulsion test); and *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961) (symbiotic relationship or nexus test).

On the contrary, the plaintiff has named the DOL--a *federal* agency--as a defendant, and has further alleged that another defendant, the Center, acted as an agent of that federal agency. The federal government is not subject to suit under 42 U.S.C. §1983. *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987 ), *cert. denied*, 484 U.S. 945 (1987); *Strickland on Behalf of Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1987); *Mitchell v. United States Department of Commerce*, 2003 WL 21580680 (6th Cir. (Tenn.) July 9, 2003). Thus, there is no "state" actor involved in these facts.

### B. Fourteenth Amendment Claims

To the extent that the plaintiff has failed to allege any action on the part of the state, his asserted and construed claims under the Fourteenth Amendment also fail. The Fourteenth Amendment guarantees a citizen's right to due process of law and the right to equal protection of the laws, but protects only against actions of the *state*, not against the actions of persons acting under color of federal law or private parties. *Shelly v. Kraemer*, 334 U.S. 1, 13, 68 S. Ct. 836, 842 (1948). "The rights secured by the Equal Protection and Due Process Clauses of the Fourteenth Amendment are rights to protection against unequal or unfair treatment by the state, *not private parties* . . .

18

*[t]there can be no claim for relief based on a violation of the Fourteenth Amendment if there was no involvement by the State*." *Great America Federal Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 384, 99 S. Ct. 2345, 2554 (1979) (Stevens, concurring) (Emphasis added); *see also Pahls v. Kesselring*, 230 F.3d 1359, 2000 WL 1290364, **3 (6th Cir.(Ohio)September 7, 2000) (Unpublished Disposition) (In repossession of property action, the plaintiffs produced no evidence linking private actor defendant to actions of the state).

As discussed previously herein, the instant plaintiff has not alleged that the actions of the private party defendant were "'fairly attributable to the state.'" *Crowder v. Conlan*, 740 F.2d 447, 449 (6th Cir.1984) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)); *see also Collyer v. Darling*, 98 F.3d 211, 232 (6th Cir.1996) (discussing the "public function," "state compulsion" and "nexus" tests) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992)).

A plaintiff's vague and conclusory allegations of constitutional violations are insufficient to raise a genuine issue of material fact. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). It is insufficient to allege mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Place v. Shepherd*, 446 F.2d 1239 (6th Cir.1971); *Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir.1971),

When a plaintiff generally alleges that he has been deprived of rights, privileges secured by the federal Constitution and/or laws and/or amendment thereto, but the plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under §1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d at 930. Because there is no "state" action, both the instant plaintiff's

Fourteenth Amendment due process and equal protection claims fail as a matter of law.[13]

### 4. Claims Against DOL
### A. Sovereign Immunity

The DOL correctly asserts that the plaintiff's claims against it are barred by the doctrine of sovereign immunity. Federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "In a suit against the United States, there cannot be a right to

---

[13]

Even assuming *arguendo* that the plaintiff had established that the defendants acted under color of state law (which he did not) his Fourteenth Amendment claims would still be dismissible. First, in order to assert a Fourteenth Amendment due process claim, a plaintiff must establish that there is a "protected property or liberty interest." *Johnston-Taylor v. Gannon*, 907 F.2d 1577, 1581 (6th Cir.1990). "A property interest can be created by a state statute, a formal contract, or a contract implied from the circumstances." *Ludwig v. Bd. of Trs. of Ferris State Univ.*, 123 F.3d 404, 409 (6th Cir.1997). Kentucky adheres to the "terminable at will" doctrine, in that "[o]rdinarily an employer may discharge [an] at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible." *Shrout v. The TFE Group, Ky. App.*, 161 S.W.3d 351, 354 (2005) (citing *Grzyb v. Evans*, 700 S.W.2d 399, 400 (Ky.1985)); *see also Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983).

In *Firestone Textile Co. Div. v. Meadows*, the Kentucky Supreme Court recognized a narrow exception to the terminable at will doctrine and acknowledged a cause of action for wrongful discharge, but only in those limited circumstances in which: (1) the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law; and (2) the policy is evidenced by a constitutional or statutory provision. *Firestone*, 666 S.W.2d at 731 (citing *Brockmeyer v. Dun & Bradstreet*, 113 Wis.2d 561, 335 N.W.2d 834, 835 (1983)). "The decision of whether the public policy asserted meets these criteria is a question of law for the court to decide[.]" *Grzyb*, 700 S.W.2d at 401. The plaintiff alleges no facts which even remotely suggest that the Center's actions in terminating him satisfied the *Firestone* criteria: that the discharge was contrary to a fundamental and well-defined public policy as evidenced by existing law; and that the policy was evidenced by a constitutional or statutory provision. Other than the plaintiff's unsubstantiated allegations that he had a vested property interest in his employment at the Center, there is nothing in the record to suggest that the plaintiff was anything more than an at-will employee.

Second, in order to establish an equal protection claim under §1983, a plaintiff must allege that a state actor intentionally discriminated against him because of membership in a protected class." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1111 (6th Cir. 1995) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). In order to establish a violation of the equal protection clause of the Fourteenth Amendment, an inmate must prove that a racially discriminatory intent or purpose was a factor in the decision of officials. *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (citing *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66, 97 S. Ct. 555, 563-64, 50 L. Ed. 2d 450 (1977)). The plaintiff did not allege that the defendants had a racially discriminatory intent or purpose. He instead alleged that the real reason he was fired was because a former girlfriend had called the Center and had made a threat against the Center, but that he was fired under other false pretenses. An equal protection claim which is not supported by factual allegations is dismissible as being only conclusory. *See Blackburn v. Fisk University*, 443 F.2d 121.

money damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392 (1976); *see also Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989); *Kentucky v. Graham*, 473 U.S. at 166. The United States has not waived its sovereign immunity to monetary damages for constitutional torts, and so the United States is entitled to dismissal for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

Similarly, a lawsuit against an agency of the United States is, in essence, a suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The plaintiff herein has named the DOL as a defendant, which is an agency the United States. Thus, it is immune from suit under the civil rights statutes upon which the plaintiff relies. *See Nuclear Tarnsport & Storage, Inc. v. United States*, 890 F.2d 1348, 1352 (6th Cir. 1989); *Clark v. Library of Congress*, 750 F.2d *Savage v. United States*, 450 F.2d 449, 451 (8th Cir. 1971) (42 U.S.C. §1983), *cert. denied*, 405 U.S. 1043 (1972); *Smallwood v. United States*, 358 F.Supp. 398 (E.D. Mo.) (42 U.S.C. §1985), *aff'd*, 486 F.2d 1407 (8th Cir. 1971). Thus, the plaintiff asserts no viable claim against the DOL for the alleged violation of his constitutional rights. His claims against the DOL are dismissed with prejudice.

### B. No FTCA Liability

The DOL has no liability to the plaintiff under the FTCA. First, as the DOL points out, the FTCA contains no waiver of sovereign immunity for constitutional violations. *See FDIC v. Meyer*, 510 U.S. 471 (1994). Second, as Catherine Carter states in her Declaration, the plaintiff did not file an administrative claim with the DOL, which is a jurisdictional prerequisite under the FTCA. *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981). Third, mere funding of the Job Corps centers by the DOL, without more, would not create an agency relationship between the DOL and EMC such as to impose any liability under the FCTA. The defendant correctly cites case law which

21

establishes that the "critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976 (1976) (citing *Logue v. United States*, 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, (1973)); *see also Gibson v. United States*, 567 F.2d 1237, 1242-43 (3rd Cir. 1977) (no liability could be imposed on federal government under respondeat superior theory because the government did not exercise day to day control over the Job Corps center or the contractors' employees).

The Declaration of Lynn Intrepidi, and the exhibits attached thereto, amply establish that the DOL had no direct role in the day-to-day operations of the Center, such as recruitment, hiring, and retention of qualified staff. Intrepidi's Declaration clearly sets forth that EMC is responsible for the administration and operation of the Center, subject only to very broad guidelines established by the DOL. The Declaration documents that neither EMC, nor the employees of EMC, are employees of the DOL. The Declaration establishes the DOL only provides funding for the Job Corps, and that EMC is merely an independent contractor of the DOL. Pursuant to *United States v. Orleans* and *Gibson v. United States*, the United States has no liability under the FTCA for torts committed by organizations which it funds but over which it exercises no control. As the plaintiff filed no response to the DOL's motion to dismiss, he therefore offered nothing in the record which would refute Intrepidi's Declaration that EMC is merely an independent contractor of the DOL. Thus, any claims which the plaintiff has are against EMC, and the Court has dismissed the plaintiff's federal claims against EMC for reasons previously discussed.

22

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     The "Motion for Judgment on the Pleadings" filed by Defendants EMC, the Center, and Randolph [Record No.8] is **GRANTED**.

(2)     The Plaintiff's "Motion to Deny Defendants' Motion for Judgment on the Pleadings" [Record No. 11] is **DENIED**.

(4)     The Plaintiff's "Motion for Leave to File Amended Complaint" [Record No. 12] is **DENIED**.

(5)     The "Motion to Dismiss" filed by Defendant the United States Department of Labor [Record No. 21] is **GRANTED**.

(6)     This action is **DISMISSED**           , with prejudice, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This the ___16te___ day of July, 2005.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service:

23